IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TRISTA L. FREEMAN**, on behalf of herself and all other similarly situated persons, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. _____<br>)<br>) |
| v. | ) **COLLECTIVE AND CLASS ACTION**<br>) **COMPLAINT** |
| **CROSSROADS HOSPICE OF NORTHEAST OHIO LLC**, | )<br>) **JURY DEMAND ENDORSED HEREON**<br>) |
| – and – | ) |
| **CROSSROADS HOSPICE OF CINCINNATI LLC**, | )<br>)<br>) |
| – and – | ) |
| **CROSSROADS HOSPICE OF CLEVELAND LLC**, | )<br>)<br>) |
| – and – | ) |
| **CROSSROADS HOSPICE OF DAYTON LLC**, | )<br>)<br>) |
| – and – | ) |
| **CARREFOUR ASSOCIATES LLC**, | ) |
| – and – | ) |
| **PERRY FARMER**, | ) |
| Defendants. | ) |

Plaintiff Trista L. Freeman files this Complaint against Defendants Crossroads Hospice of Northeast Ohio LLC (Defendant CRH NE Ohio), Crossroads Hospice Of Cincinnati LLC (Defendant CRH Cincinnati), Crossroads Hospice Of Cleveland LLC (Defendant CRH

1

Cleveland), Crossroads Hospice of Dayton LLC (Defendant CRH Dayton), Carrefour Associates LLC (Defendant Carrefour), and Perry Farmer (Defendant Farmer) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA); and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and § 4113.15 (Ohio Prompt Pay Act or OPPA) (collectively the Ohio Wage Laws). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and the Ohio Wage Laws.

2. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others like her who worked for Defendants in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiff has been a citizen of the United States and employed by Defendants within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

8. Defendant CRH NE Ohio is an Ohio limited liability company with its principle place of business located in Uniontown, Ohio (Stark County). Defendant CRH NE Ohio can be served through its registered agent: FBT Ohio, Inc., at 3300 Great American Tower, 301 East Fourth Street, Cincinnati, OH 45202.

9. Defendant CRH Cincinnati is an Ohio limited liability company with its principle place of business located in Cincinnati, Ohio (Hamilton County). Defendant CRH Cincinnati can be served through its registered agent: FBT Ohio, Inc., at 3300 Great American Tower, 301 East Fourth Street, Cincinnati, OH 45202.

10. Defendant CRH Cleveland is an Ohio limited liability company with its principle place of business located in Valley View, Ohio (Cuyahoga County). Defendant CRH Cleveland can be served through its registered agent: FBT Ohio, Inc., at 3300 Great American Tower, 301 East Fourth Street, Cincinnati, OH 45202.

11. Defendant CRH Dayton is an Ohio limited liability company with its principle place of business located in Dayton, Ohio (Montgomery County). Defendant CRH Dayton can be served through its registered agent: FBT Ohio, Inc., at 3300 Great American Tower, 301 East Fourth Street, Cincinnati, OH 45202.

12. Defendant Carrefour is an Oklahoma limited liability company with its principle place of business located in Tulsa, Oklahoma. Defendant Carrefour can be served through its registered agent: Clayton Farmer, at 10810 E. 45th St., Ste. 300, Tulsa, OK 74146.

13. Defendant Farmer is an individual who can be served at his residence of 6517 Timberlane Rd., Tulsa, OK 74136.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

14. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

15. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendants.

16. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Defendants jointly provide "comfort care in the home and in facilities throughout the Midwest, Northeast and South regions of the United States" including Georgia, Kansas, Missouri, Ohio, Oklahoma, Pennsylvania, and Tennessee.[1]

18. Defendants operate as a joint enterprise utilizing a commingled network of limited liability corporations and fictitious names. For example, Defendant CRH NE Ohio has registered with the State of Ohio the trade name "Crossroads Hospice of Cleveland". Defendant CRH Cincinnati has registered with the State of Ohio the following trade names "Crossroads Hospice of Dayton" and "Crossroads Hospice of Northeast Ohio".

---

[1] https://www.crossroadshospice.com/locations/ (last viewed 7/16/20).

4

19. Defendant Carrefour holds itself out as the "Management Firm for Crossroads Hospice" and lists its website as "www.crossroadshospice.com".[2]

20. Defendant Carrefour filed the fictious name registration of "Crossroads Hospice of Northeast Ohio" with the State of Ohio on behalf of Defendant CRH Cincinnati.

21. All Defendants hold themselves out generally as managing and/or operating as "Crossroads Hospice" and utilize the same website of "www.crossroadshospice.com".

22. Defendant Farmer is the founded, owner, president, chief executive officer, manager, and operator of "Crossroads Hospice & Palliative Care"[3] and Defendant Carrefour.[4]

23. Defendant Farmer holds himself out to the Ohio Secretary of State as the authorized representative and/or Managing Member of the other Defendants.

24. During the growth of Crossroads, Defendant Farmer described himself as taking "care of the operations, and program development" of Crossroads, and subsequently described his role as also being "inseparable" from also handling "financial concerns, billing, and organization."[5]

25. During employee meetings, supervisors and managers of Plaintiff and others similarly situated would regularly refer to Defendant Farmer as the founder; and employees had the general understanding that, if an employment matter or concern could not be resolved with their immediate supervisors and management, they could call Defendant Farmer for assistance. For example, when certain employees received a pay raise, but others did not, many employees

---

[2] https://www.linkedin.com/company/carrefour-associates-llc (last viewed 7/16/20).
[3] Comprised of at least Defendant CRH NE Ohio, CRH Cincinnati, CRH Cleveland, and CRH Dayton. *See* https://www.crossroadshospice.com/hospice-palliative-care-blog/authors/perry-farmer/ (last viewed 7/16/20).
[4] *See e.g.* https://www.linkedin.com/in/perry-farmer-529b6861 (last viewed 7/16/20).
[5] https://www.crossroadshospice.com/hospice-palliative-care-blog/2012/september/11/history-of-crossroads-the-early-years/ (last viewed 7/16/20).

who were upset said they would "take it up with Perry."

26. Defendants jointly employed Plaintiff and those similarly situated as aides, including hospice aides or home health aides.

27. Plaintiff worked at Defendants' Uniontown, Ohio location as a hospice aide from approximately April 2, 2019 until May 15, 2020.

28. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment.

29. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

30. Defendants shared authority to set rates and methods of compensation of Plaintiff and others similarly situated.

31. Defendants shared control and maintenance of employment records.

32. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

33. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

34. Defendants shared the services of Plaintiff and others similarly situated.

35. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

**Regular Rate Violations Resulting in Unpaid Overtime**

36. Plaintiff and those similarly situated regularly worked more than 40 hours per workweek, entitling them to overtime compensation under the FLSA and the Ohio Overtime Law.

37. In addition to their hourly wages, Plaintiff and others similarly situated were paid non-discretionary "Oncall" pay and "Emergency Incentive Pay" that was not calculated into their regular rates for the purposes of calculating overtime compensation.

38. As a result, Defendants did not pay Plaintiff and those similarly situated all of the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

39. Defendants willfully violated the FLSA and the Ohio Wage Laws by failing to pay Plaintiff and those similarly situated all overtime compensation earned as described herein.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former hourly employees employed by Defendants who worked more than 40 hours in a workweek, and who were paid additional compensation, including "Oncall" pay and "Emergency Incentive Pay", during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective").**

42. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime earned at the correctly calculated regular rate.

43. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

44. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

45. Plaintiff cannot yet state the exact number of similarly situated persons but estimates approximately 250 similarly situated employees worked at her location alone during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

46. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

47. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

> **All present and former hourly employees employed by Defendants who worked more than 40 hours in a workweek, and who were paid additional compensation, including "Oncall" pay and "Emergency Incentive Pay", during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

48. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates that it is approximately more than 250 individuals within the relevant time period.

49. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to include additional compensation into the regular rate for purposes of calculating overtime and whether such underpayment of overtime wages remain unpaid.

50. Plaintiff will adequately protect the interests of the Ohio Class Members. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

51. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

52. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

55. Defendants were covered by the FLSA and the FLSA Collective Members were not exempt from the protections of the FLSA.

56. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

57. The FLSA requires that additional non-discretionary compensation be included into the regular rate unless otherwise statutorily excepted. The additional "Oncall" pay and "Emergency Incentive Pay" were non-discretionary compensation that was required to be included into the regular rate for the purposes of calculating overtime compensation.

58. Defendants had a companywide policy of not including the additional "Oncall" pay and "Emergency Incentive Pay" into the regular rates of Plaintiff and those similarly situated which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

59. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

60. As a result of Defendants' individual and joint violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

61. As a result of Defendants' practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

64. Accordingly, the Ohio Overtime Law requires that additional, non-discretionary compensation be included into the regular rate unless otherwise statutorily excepted. The additional "Oncall" pay and "Emergency Incentive Pay" were required to be included into the regular rate for the purposes of calculating overtime compensation.

65. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Wage Laws.

66. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

67. As employees of Defendants, Plaintiff and the Ohio Class Members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

68. Defendants had a companywide policy of not including the additional "Oncall" pay and "Emergency Incentive Pay" into the regular rates of Plaintiff and the Ohio Class Members which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

69. Plaintiff and the Ohio Class Members are not exempt under the Ohio Wage Laws.

70. Defendants' practice and policy of not paying Plaintiff and the Ohio Class Members overtime compensation at one and one-half times their correctly calculated regular rate of pay for all hours worked over 40 each workweek violated the Ohio Overtime Law.

71. Additionally, the OPPA requires Defendants to pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

72. During relevant times, Plaintiff and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

73. Plaintiff's and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

74. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

75. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

76. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

77. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class she represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class she represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class she represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective and class she represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiff
