IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TRISTA L. FREEMAN**, on behalf of herself and all others similarly situated, | )<br>)  CASE NO.     5:20-cv-1579<br>) |
| Plaintiff, | )  **JUDGE BENITA Y. PEARSON**<br>) |
| v. | )  **ORDER GRANTING APPROVAL OF**<br>)  **FLSA SETTLEMENT** |
| **CROSSROADS HOSPICE OF NORTHEAST OHIO LLC**, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

This matter is before the Court on the Parties' Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by Representative Plaintiff Trista Freeman and Defendants Carrefour Associates LLC, Crossroads Hospice of Cincinnati LLC, Crossroads Hospice of Cleveland LLC, Crossroads Hospice of Dayton LLC, Crossroads Hospice of Northeast Ohio LLC, and Perry Farmer (collectively, the "Parties") and memorialized in the Collective Action Settlement Agreement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Robi J. Baishnab, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement, the proposed Service Awards to the Representative Plaintiff, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On July 17, 2020, Plaintiff filed her Collective and Class Action Complaint with collective and class claims against Defendants seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA); and Ohio law. Specifically, Plaintiff alleged that she and others similarly situated were not paid all of the overtime wages they earned because Defendants failed to include additional non-discretionary compensation, including "Oncall" pay and "Emergency Incentive Pay" into the regular rate calculations for the purposes of paying overtime.[1]

3. On September 8, 2020, Defendants filed their Answer in which they denied, and continue to deny, all liability and asserted numerous affirmative defenses to those claims.[2]

4. On September 16, 2020, the Court held a telephonic Case Management Conference, and a telephonic Status Conference on October 7, 2020.[3]

5. On November 12, 2020, the Parties participated in a full-day mediation before third-party neutral, David Kamp; which resulted in settlement.[4]

6. The FLSA Collective Action Settlement will cover the Potential Plaintiffs identified in the Settlement Agreement.

7. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation, and facilitated by a third-party neutral. Plaintiffs' Counsel has informed

---

[1] ECF No. 1 at ¶¶ 36 to 39.
[2] ECF No. 13.
[3] *See* Minutes of proceedings [non-document] dated 9/16/20 and 10/7/20.
[4] ECF Nos. 20 and 21.

the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Settlement Collective. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

8. The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The releases, as set forth in the Agreement, as well as all terms of the Agreement, shall be binding on the Representative Plaintiff and the Settlement Collective. The Court grants final approval of the FLSA Collective Action Settlement.

9. The Court finds that the proposed allocation and calculation of the settlement payments to the Settlement Collective are fair and reasonable, and approves the proposed distribution of the settlement payments, the requested Service Award, and requested attorney's fees and costs.

10. The Court dismisses this matter with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

11. The Court retains jurisdiction over this Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: 5/7/2021

s/Benita Y. Pearson
Honorable Benita Y. Pearson
United States District Judge